# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                              No. 02-4015

ANDREA LYNNETTE EPPS,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-01-274)

Submitted: May 23, 2002

Decided: June 4, 2002

Before WIDENER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Denise Jakabcin Tassi, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Kimberly Riley Pedersen, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Andrea Lynnette Epps appeals her convictions for possession with intent to distribute cocaine and possession with intent to distribute crack cocaine in excess of fifty grams, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), and subsequent 121-month sentence. On appeal, Epps raises two issues: (1) the Government's reference to her prior confession at trial was improper, deprived her of a fair trial, and violated her Fifth Amendment rights against self-incrimination; and (2) the evidence was insufficient to sustain her convictions. We affirm.

Epps first contends the Government violated her Fifth Amendment right against self-incrimination and her right to a fair trial by: (1) questioning Epps during cross-examination about statements she made to law enforcement officers after being read her *Miranda\** rights; (2) arguing during closing arguments that Epps should have contacted police and reported Knockett when he left drugs in her apartment; and (3) questioning a police officer concerning whether Epps ever contacted him after her arrest to change her story about her New York contact. Because Epps did not raise an objection to these comments at trial, her claim is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

The Government's reference to Epps' prior confession did not violate her Fifth Amendment rights. First, Epps was read her *Miranda* warnings as the police officers entered her residence when executing a valid search warrant. Epps was informed that she had the right to remain silent; nevertheless, she waived her right to remain silent and gave the police officers present information as to her drug trafficking activities. Hence, the statements she made to the police could be used against her at trial. Furthermore, by taking the stand in her own defense, Epps subjected herself to the perils of cross-examination, including possible impeachment of her credibility. *Jenkins v. Anderson*, 447 U.S. 231, 235-36 (1980). Therefore, we conclude the Government did not violate Epps' Fifth Amendment rights.

---

*\*Miranda v. Arizona*, 384 U.S. 436 (1966).

As to Epps' assertion that the Government's comments during closing argument were improper and deprived her of a fair trial, we find no plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

Next, Epps challenges the sufficiency of the evidence to support her conviction for possession with intent to distribute cocaine. In reviewing a sufficiency of the evidence claim on appeal, we must sustain the verdict if the record contains "substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). Applying this standard, we give due regard to the fact finder's prerogative to resolve questions of credibility. *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996). With these principles in mind, we conclude the Government presented sufficient evidence for a reasonable trier of fact to find Epps guilty beyond a reasonable doubt of the charges against her.

Accordingly, we affirm Epps' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*